## EMMERT v STATE

Ohio Appeals, 6th Dist, Lucas Co

No 2706. Decided Feb 8, 1933

Robert V. Phillips, Toledo, and D. H. McCullough, Toledo, for plaintiff in error.

Frazier Reams, Prosecuting Attorney, Toledo, and J. S. Rhinefort, Toledo, for defendant in error.

CROW, KLINGER and KINDER, JJ, (3rd Dist), sitting in place of LLOYD, RICHARDS and WILLIAMS, JJ (6th Dist).

CROW, PJ.

The bill of exceptions, which contains all the evidence in support of the indictments, and in opposition thereto, is quite voluminous, and there is no reason for specific allusion to any portions of the same, inasmuch as there is no claim made that the trial court erred in either the admission cr rejection of evidence, or that the verdict is not sustained by sufficient evidence.

The assignments argued in the brief in behalf of plaintiff in error, and consequently the only ones the court will consider, and determine, are but three in number.

1. When the jury came into court with its verdict, defendant's counsel, pursuant to §13448-5, GC, asked that the jury be poll-

ed, which was done with the result that the verdict was accepted as returned.

Each juror was first asked the question whether the verdicts were his or hers (as the case might be), and eleven answered definitely in the affirmative, and was later asked, whether he or she was "entirely satisfied with them." Ten of said eleven signified that they were severally "entirely satisfied," but the other one answered that she was not entirely satisfied. The juror other than said eleven, Mrs. Miller, answered in such language as to show that she was not entirely satisfied" with the verdicts.

To the question whether the verdicts were hers, her first answer was doubtful as to whether she intended to say they were not or were, her verdicts, but upon repetition of that inquiry she finally answered definitely that the verdicts were her verdicts.

Her examination contains nothing whatsoever from which it could be concluded or suspected that she was either coerced into signing the verdicts, or that she was forced to declare the verdicts to be her verdicts.

It should be borne in mind that the pertinent provision of the statute governing the polling of the jury, specifically points out the duty of the trial judge to require further deliberation if one or more of the jurors shall declare said verdict not to be his verdict.

There is no requirement, even inferentially, that jurors should disclose that they were "entirely satisfied" with the verdicts, nor does it contemplate any inquiry beyond that which would elicit whether the verdict was not the juror's verdict, but the excess questions beyond the inquiry made mandatory by the statute, worked no harm to either the defendant or the state, and therefore, was and is immaterial.

We have no hesitancy therefore, in deciding that the trial court rightfully accepted the verdicts upon the completion of the polling, as being the true ascertainment by all the members of the jury of the question submitted for their determination, namely, whether the defendant was or was not guilty.

We deem it unnecessary to dwell at all on the divergence of the two lines of the many cases decided by courts of last resort in other states, regarding procedure in polling juries, and will only say that the conclusion we reach on this point is clearly in line with the weight of those cases, conscious as we are that the substance of the statute we have mentioned, harmonizes with the common law on the subject of polling a jury.

2. Upon hearing the motion for new trial, among the grounds of which were misconduct of jurors and of the officers of the court in charge of the jury during the deliberations of the latter, defendant offered evidence of the jurors tending to prove grave and reprehensible conduct on the part of one of the officers in charge of the jury after the case had been submitted to the latter, which if true, and properly proved, would establish a state of facts requiring that the verdict be set aside. There was no other evidence offered which tended to prove such misconduct. The learned presiding judge of the trial court refused to receive the evidence of the jurors, which refusal is claimed to constitute reversible error.

It would be unavailing to analyze the reported cases in Ohio on the subject of the admission of evidence of jurors for the purpose of impeaching a verdict rendered by them, or in which they joined, for as much as the rule settling that question has been clearly and conclusively announced in 109 Oh St, 405, which case holds that such evidence is not admissible. True, this decision which is the latest expression of the Supreme Court on the subject, was by a divided court, four of the judges concurring, and the chief justice and the other two members dissenting.

Whatever, if any, may be the views of any member or members of this court, concerning the correctness of that decision, is of no consequence. That court placed the decision squarely and unequivocally on the ground of the long-existing public policy of the state, and our duty is to follow that decision, which we do.

3. It is claimed that the charge of the court in submission of the case, is erroneous, but no portion is mentioned as being thus infirm. We have, however, carefully studied the charge and find that it is wholly free from any inaccuracy whatsoever.

It is of exceptional merit in substance, clarity and diction, and richly deserves high place among the ideal charges of which none too many are to be found in the law of our state.

There was no feature of the case that any intelligent man or woman would not have understood as a result of the charge and there was no omission of any matter which should have had the consideration of the jury.

Concluding as we do that there was no error in any of the respects complained of the judgment must be affirmed.

KLINGER and KINDER, JJ, concur.